IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BARRY C. HIGGINBOTHAM,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **V.** | ) | Civil Action Number |
| | ) | **CV-13-BE-740-S** |
| | ) | |
| **JUDICIAL CORRECTION SERVICES,** | ) | |
| **INC., et. al,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on "Defendant, City of Pleasant Grove, Alabama's Motion to Dismiss Plaintiff's First Amended Complaint" (doc. 11); "Defendant, Mayor Jerry Brasseale's, Motion to Dismiss Plaintiff's First Amended Complaint" (doc. 12); "Defendant, Judge Ralph Coleman's, Motion to Dismiss Plaintiff's First Amended Complaint" (doc. 13); "Defendant, Prosecuting Attorney, Rachel Fleming's Motion to Dismiss Plaintiff's Amended Complaint" (doc. 14); "Defendant, Robert J. Knight's, Motion to Dismiss Plaintiff's First Amended Complaint" (doc. 15); and "JCS Defendants' Motion to Dismiss" (doc. 18).

After full briefing by the parties, the court held a hearing on the motions on January 28, 2014. For the reasons stated on the record and modified here, the court FINDS that the motions filed by **Defendants Mayor Jerry Brasseale** (doc. 12); **Judge Ralph Coleman** (doc. 13); **Prosecuting Attorney Rachel Fleming** (doc. 14); **Robert J. Knight** (doc. 15), are due to be GRANTED IN FULL.

The court notes that, at the hearing, the court addressed Count Three only as to the City of Pleasant Grove, because the demand of judgment in that Count only stated a demand of judgment against the City. However, to the extent, *if any*, that Count Three asserts any claims against Mayor Brasseale, Judge Coleman, Prosecuting Attorney Fleming, or Knight, the court FINDS that the motions to dismiss filed by these Defendants are due to be GRANTED on that count as well. As to the claims in Count Three, Judge Coleman's motion is due to be granted based on judicial immunity, and Fleming's motion is due to be granted based on prosecutorial immunity. As to Count Three's claims against Defendants Brasseale and Knight, their motions are due to be granted because the Amended Complaint does not present sufficient *facts* asserting a plausible claim that these supervisors personally participated in the alleged constitutional violations or that a causal connection existed between the supervisors' actions and the alleged constitutional violations. *See, e.g., Myers v. Bowman,* 713 F.3d 1319, 1328 (11th Cir. 2013). Accordingly, to the extent that Count Three asserts claims against these Defendants, those claims are due to be DISMISSED WITH PREJUDICE.

The court FINDS that the motions filed by the City of Pleasant Grove (doc. 11) and by the JCS Defendants (doc. 18) are due to be GRANTED IN PART AND DENIED IN PART as more specifically detailed below.

As a preliminary matter, both the City and JCS raised many defenses that were also asserted in a similar case, *Ray v. Judicial Correction Services,* 12-CV-2819-RDP, pending in this court before Judge Proctor. For the sound reasons stated in his opinions in that case, the court rejects the following arguments asserted by these Defendants as inapplicable: the City's claim that it has no authority over JCS because it has no authority over its Municipal Court or the

probationary process (*see Ray,* 12-CV-2819-RDP, doc. 65 at 12-14); the assertion by JCS that quasi-judicial immunity applies (*see Ray,* 12-CV-2819-RDP, doc. 67, at 14-16); the arguments by the City and JCS that the *Rooker-Feldman* doctrine precludes subject matter jurisdiction (*see Ray,* 12-CV-2819-RDP doc. 65, at 14-16; & doc. 67, at 17-19); the assertion by the City and JCS that the *Younger* abstention doctrine prevents this court from entertaining this action (*see Ray,* doc. 65, at 20-21; & doc. 67, at 20-24); the assertion that *O'Shea v. Littleton,* 414 U.S. 488 (1974) bars Plaintiff's claims for injunctive relief (*see Ray,* doc. 65, at 22-24; & doc. 67, at 24-27); and the argument that claims for monetary relief under § § 1983 and 1985 are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994) (*see Ray,* doc. 67, at 13-14).

  As to the **City of Pleasant Grove's** motion to dismiss (doc. 11), the court FINDS as follows.  For the reasons stated on the record and modified here, the court FINDS that the motion is due to be DENIED as to the claim in Count Two of the Amended Complaint, brought under § 1983.  At the hearing, based on the Plaintiff's statements during the hearing, the court indicated that it would grant the claim in Count Two asserting that the City engaged in a conspiracy to deprive the Plaintiff of his due process rights.  However, upon reflection and upon reviewing the Amended Complaint and liberally construing it as a *pro se* filing, the court will allow the due process claim against the City to go forward at this stage. The court FINDS that the Plaintiff asserts a plausible claim that the City engaged in a conspiracy to deprive the Plaintiff of equal protection and due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, because, when liberally construing the *pro se's*  Amended Complaint, it sufficiently alleges that the City's policy of contracting out probation services was the moving force behind the constitutional deprivations.

As to the claim asserted against the City in Count Three for negligent failure "to instruct, supervise, control, and discipline on a continuing basis the Defendant employees of J.C.S.," the court FINDS that the City's motion is due to be GRANTED WITHOUT PREJUDICE.  As to all other claims asserted against the City, the court will GRANT the City's motion, and will DISMISS WITH PREJUDICE those claims against the City.

Further, as to the remaining claim in Count Two against the City, the court WILL GRANT the City's request to STRIKE the Plaintiff's demand for punitive damages, recognizing that local government entities are immune from punitive damages in actions brought under § 1983.

As to the **JCS Defendants'** motion to dismiss (doc. 18), the court rules as follows:

(a) Judicial Correction Services, Inc.

As to the claim in Count Two of the Amended Complaint brought under § § 1983 & 1985, asserting that JCS has engaged in a conspiracy to deprive the Plaintiff of equal protection and due process rights guaranteed by the Fourteenth Amendment, the court FINDS that the motion is due to be DENIED for the reasons stated on the record and modified here; the court FINDS that the Amended Complaint sufficiently states a plausible claim.

As the court has previously noted, at the hearing, the court addressed Count Three only as to the City of Pleasant Grove, because the demand of judgment in that Count only stated a demand of judgment against the City.   To the extent, if any, that Count Three attempts to assert claims against JCS, the motion is due to be GRANTED and those claims are due to be DISMISSED WITH PREJUDICE; the Amended Complaint does not present sufficient *facts* asserting a plausible claim as to JCS.

4

As to all other claims against JCS, for the reasons stated on the record, the court FINDS that the motion is due to be GRANTED, and those claims will be DISMISSED WITH PREJUDICE.

(b) Charlie Farrahar

For the reasons stated on the record and modified here, the court FINDS that motion is due to be GRANTED as to all claims against Farrahar.  The court will DISMISS those claims WITH PREJUDICE, and will DISMISS him as a party Defendant.

As previously noted, at the hearing, the court addressed Count Three only as to the City of Pleasant Grove, because the demand of judgment in that Count only stated a demand of judgment against the City.   However, to the extent, if any, that Count Three asserts any claims against the corporate officers of JCS, including Charlie Farrahar, the court FINDS that the motion as to those claims is due to be GRANTED because the Amended Complaint does not present sufficient *facts* asserting a plausible claim that Farrahar personally participated in the alleged constitutional violations or that a causal connection existed between Farrahar's actions and the alleged constitutional violation. *See, e.g., Myers,* 713 F.3d at 1328.  Accordingly, to the extent that Count Three asserts claims against Farrahar, those claims are due to be DISMISSED WITH PREJUDICE.

(c) Jeff Riley, Darnell Thomas, Barbara Williams, and one unidentified JCS employee

As to the claims asserted against Riley, Thomas, Williams, and the unidentified JCS employee in their *official* capacities, the court FINDS that the motion is due to be GRANTED as duplicative of the claims asserted against JCS, and will DISMISS those claims WITH PREJUDICE.  *See Kentucky v. Graham,* 476 U.S. 159, 165-66 (1985); *Busby v. Orlando,* 931

F.2d 764, 776 (11th Cir. 1991).

As to the claim in Count Two of the Amended Complaint brought under § § 1983 and 1985, asserting against Riley, Thomas, Williams, and the unidentified JCS employee in their *individual* capacities that they have engaged in a conspiracy to deprive the Plaintiff of equal protection and due process guaranteed by the Fourteenth Amendment, the court DENIES the motion for the reasons stated on the record and modified here; the court FINDS that the Amended Complaint sufficiently states a plausible claim.  As noted previously, at the hearing, based on the Plaintiff's statements during the hearing, the court indicated that it would grant the claim in Count Two asserting that certain Defendants—including Riley, Thomas, Williams, and the unidentified JCS employee—engaged in a conspiracy to deprive the Plaintiff of his due process rights.  However, upon reflection and upon reviewing the Amended Complaint and liberally construing it as a *pro se* filing, the court will allow Count Two's due process claim against these Defendants to go forward at this stage.

As to all other claims asserted against these JCS Defendants, the court FINDS that the motion is due to be GRANTED for the reasons stated on the record, and it will DISMISS those claims WITH PREJUDICE.

Therefore, this case will proceed against the City, JCS, and individual Defendants Riley, Thomas, Williams, and the unidentified JCS employee  on the claim for conspiracy to deprive the Plaintiff of equal protection and due process rights as alleged in Count Two of the Amended

Complaint.

Dated this 6th day of February, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE